UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

CLAIR DIONNE,

                Plaintiff,

    v.                                              Case No. 15-C-190

BOB MAJEWSKI, et al.,

                Defendants.

## DECISION AND ORDER

Plaintiff Clair Dionne alleges that the Defendants were deliberately indifferent to his serious medical needs during a month while he was a work-release inmate at the Marinette County Jail. Plaintiff suffers from ulcerative colitis, and he alleges the Defendants failed to allow him to take appropriate medication on weekends while incarcerated. The Defendants have moved for summary judgment, citing a failure to exhaust; lack of knowledge; lack of supervisory liability; and the Plaintiff's own ability to rectify his medical problems. For the reasons given below, the motions will be granted.

As is well-known, a deliberate indifference claim requires a showing that the defendant knew about a serious medical need but failed to take reasonable steps to rectify that need. In *Farmer*, the Court explained the nature of deliberate indifference as follows: "a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial

risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan,* 511 U.S. 825, 837 (1994). Plaintiff alleges (and it is undisputed) that he suffers from chronic ulcerative colitis, a disease that causes very painful symptoms as well as diarrhea, bloody discharge and abdominal cramping if proper medication is not taken. Although Plaintiff was allowed to go home between nine a.m. and five p.m. during the week, at which times he could take his own medication, he alleges that on the weekends, when he was at the jail full-time, he was denied the ability to take his medication.

Contrary to Plaintiff's belief, lawsuits by inmates are subject to an exhaustion requirement. Under 42 U.S.C. § 1997(e)(a), "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." "[C]omplaints about medical treatment in prison are complaints about 'prison conditions.'" *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 534 (7th Cir.1999). As the Supreme Court has held:

> The PLRA strengthened this exhaustion provision in several ways. Exhaustion is no longer left to the discretion of the district court, but is mandatory. *See Booth v. Churner,* 532 U.S. 731, 739 (2001). Prisoners must now exhaust all "available" remedies, not just those that meet federal standards. Indeed, as we held in *Booth*, a prisoner must now exhaust administrative remedies even where the relief sought—monetary damages—cannot be granted by the administrative process. *Id.,* at 734. Finally, exhaustion of available administrative remedies is required for any suit challenging prison conditions, not just for suits under § 1983.

*Woodford v. Ngo,* 548 U.S. 81, 85 (2006).

Here, the Plaintiff states that he exhausted administrative remedies because on April 22, 2014 he filed a grievance against Defendant Lynwood, the jail's work-release supervisor, because she would not respond to his requests for medications. But that grievance states that the Plaintiff

2

wanted approval to work more hours because he is "going broke" and needs money to get his driver's license and insurance. (ECF No. 35-1.) It makes a passing reference to previous inquiries about his medications, but does not complain in any way about them. (By April 22, the date of the grievance, the Plaintiff had been receiving his medications and was no longer experiencing discomfort.) No other grievances were submitted.

It could be argued that the Plaintiff made informal grievances orally and in writing about his medications. In particular, he made various attempts to fax the nurse's office about his medications (he actually sent the faxes to the wrong number, but the nurse ultimately received them). The records reflect that in early March, the Plaintiff wrote on a form captioned "Marinette County Medical Notification" that he was attempting to get refills on his medications from his pharmacy, since the prescriptions would run out soon. (ECF No. 28-1 at 1.) On March 20, on another form titled "Patient Health Services Request Form," he indicates that he is becoming ill on weekends and would like to work out a way to receive his medications. Nurse Swanson responded by informing the Plaintiff that he must bring in all of his medications for review. (ECF No. 28-1 at 2-2.) He soon did, and the issue apparently resolved by early April after all of Plaintiff's medication was received and after Plaintiff's nurse practitioner wrote a detailed letter describing his proper medication regime, which involved several different medications to be taken twice per day. (The Plaintiff apparently took much of the medication on his own while working from his home during Huber work release.)

In any event, what the records undoubtedly show is that the Plaintiff failed to exhaust his administrative remedies. A grievance about work hours filed after a medical problem has resolved does not alert the jail authorities about a medical problem, much less one of a potentially

3

constitutional nature. Similarly, health services requests do not suffice to exhaust administrative remedies. Although they may establish that a given individual (here, Nurse Swanson) was aware of a medical problem (a precondition to a deliberate indifference claim), a simple health services request does not constitute a formal grievance for exhaustion purposes. "[R]equests made through health services do not constitute proper exhaustion under Wisconsin's administrative rules. There are a number of reasons for this, but a primary one is that the exhaustion requirement is intended to alert authorities to a problem of potentially constitutional significance, whereas health requests are just that: requests for aid. Simply mentioning a problem to a nurse does not accomplish the goal of alerting higher authorities to the nature of the grievance." *Whiteside v. Pollard,* No. 10-C-725, 2012 WL 1580430, at *1 (E.D. Wis. May 4, 2012). *See also Hayden v. Allen,* No. 1:14-CV-02096-WTL, 2015 WL 4275923, at *2 (S.D. Ind. July 14, 2015) ("Health Care Request forms allegedly submitted by Mr. Hayden are not grievance forms and they are not a substitute for the Offender Grievance Process. It is therefore undisputed that Mr. Hayden failed to exhaust his available administrative remedies as required by the PLRA before filing this lawsuit."); *Dye v. Bartow,* No. 06-C-0634, 2007 WL 3306771, at *5 (E.D. Wis. Nov. 6, 2007) ("In this case, the procedural rules required the plaintiff to file an ICRS grievance to complain about prison conditions or the actions of prison officials. . . .Thus, the HSR forms [] complaining about his medical conditions do not properly exhaust his Eighth Amendment claim."); *Macias v. Zenk,* 495 F.3d 37, 44 (2d Cir. 2007) ("under *Woodford*, he cannot satisfy the PLRA's exhaustion requirement solely. . . by making informal complaints to the MDC's staff. [A]lert[ing] the prison officials as to the nature of the wrong for which redress is sought, . . . does not constitute 'proper exhaustion' under *Woodford*.") (citation omitted).

4

Here, the jail had formal grievance procedures that began with the filing of a grievance, followed by appeal rights to supervisors, the jail administrator, and the sheriff. (ECF No. 42-11 at p. 27.) The Plaintiff did not avail himself of this process. "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford,* 548 U.S. at 90-91. The Seventh Circuit follows this strict approach: "To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry,* 286 F.3d 1022, 1025 (7th Cir. 2002). Again, the requirement is not designed as a hyper-technical hurdle but as a means of alerting state officials that a deprivation of possibly constitutional significance has arisen. Simply alerting a nurse to medication issues does not rise to that level because it does not allow any of her supervisors or other jail officials, including the administrator and sheriff, a chance to step in and take action that might have foreclosed a lawsuit. Had the Plaintiff filed a grievance (and appeal) in this case, the problem might have been remedied sooner, which is the purpose of the exhaustion requirement in the first place.

Additionally, it is clear that what the records show is some confusion regarding a complicated mediation regime made more complex by the fact that the Plaintiff was a work-release inmate and possibly by the fact that none of the named Defendants were actually working at the jail during the weekends, which is when the Plaintiff's troubles arose. In short, the records do not show deliberate indifference, particularly as the problem resolved itself by April, with the Plaintiff writing "thank you for your help" to Nurse Swanson, the only defendant alleged to have actually known about his problems. (ECF No. 28-1 at 6.) At worst, the records demonstrate a medication mixup

with a number of causes, some bureaucratic and others due to the inherent complexity of managing a part-time inmate's complicated medication regime. Simple negligence does not state a claim under the Eighth Amendment, and so the motions would be granted even if the Plaintiff had exhausted administrative remedies.

In sum, the Defendants' motions for summary judgment are **GRANTED**. The case is dismissed.

**SO ORDERED** this 16th day of March, 2016.

/s William C. Griesbach
William C. Griesbach, Chief Judge
United States District Court
